IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ZITOVAULT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AMAZON.COM, INC., AMAZON.COM, | § | |
| LLC,  AMAZON WEB SERVICES, INC., | § | **JURY TRIAL DEMANDED** |
| and AMAZON WEB SERVICES, LLC, | § | |
| BAZAARVOICE, INC., and GEARBOX | § | |
| SOFTWARE LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ZitoVault, LLC ("ZitoVault") files this Complaint against Defendants Amazon.com, Inc., Amazon.com, LLC, Amazon Web Services, Inc., and Amazon Web Services, LLC (collectively, "Amazon"), Bazaarvoice, Inc. ("Bazaarvoice"), Gearbox Software LLC ("Gearbox") for patent infringement under 35 U.S.C. § 271 and allege, based on their own personal knowledge with respect to their own actions and based upon information and belief with respect to all others' actions, as follows:

**THE PARTIES**

1. Plaintiff ZitoVault, LLC is a limited liability company organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 2647 Gateway Rd. Suite 105-125, Carlsbad, CA 92009.  ZitoVault, LLC is owned by ZitoVault, Inc. and Tomte of the Harbor, LLC.

2. Defendant Amazon.com, Inc. is a corporation organized under the laws of Delaware and maintains a principal place of business at 410 Terry Avenue North, Seattle, Washington

-1-

98109.    Amazon.com, Inc. has designated Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

3. Defendant Amazon.com, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon.com, LLC is registered to do business in Texas and has designated Corporation Service Company DBA CSC – Lawyers Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701, as its agent for service of process.

4. Defendant Amazon Web Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon Web Services, Inc. has designated Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

5. Defendant Amazon Web Services, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon Web Services, LLC has designated Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

6. Defendant Bazaarvoice, Inc. is a corporation organized under the laws of Delaware and maintains a principal place of business at 3900 N. Capital of Texas Highway, Suite 300, Austin, TX 78746-3211.   Bazaarvoice, Inc. has designated Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

7. Defendant Gearbox Software LLC is a limited liability company organized under the laws of Texas and maintains a principal place of business at 101 E. Park Boulevard, Suite 1200, Plano, TX 75074. Gearbox Software has designated Wade J. Callender, 101 East Park Boulevard, Suite 1200, Plano, Texas 75074, as its agent for service of process.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Amazon.com, Inc., Amazon.com, LLC, Amazon Web Services, Inc., Amazon Web Services, LLC, Bazaarvoice, Inc., and Gearbox Software LLC (collectively, "Defendants"). Defendants conduct business and have committed acts of patent infringement and/or has induced acts of patent infringement by others in this district and/or have contributed to patent infringement by others in this district, the State of Texas, and elsewhere in the United States.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this district, Defendants have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## PATENTS-IN-SUIT

11. On November 19, 2002, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 6,484,257 (the "'257 patent") entitled "System and Method for Maintaining N Number of Simultaneous Cryptographic Sessions Using a Distributed Computing Environment." Attached as Exhibit A.

12. ZitoVault owns all rights, title, and interest in and to the '257 patent and possesses all rights of recovery.

13. Zitovaut incorporates the patent-in-suit herein by reference.

14. On February 24, 2015, the PTO issued a certificate of correction related to claims 1, 5, 6, and 7 of the '257 patent.

## FACTUAL ALLEGATIONS

15. The '257 patent generally covers systems and methods for that provide a scaleable way to maintain a number of cryptographic sessions.

16. Amazon makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing (the "Accused Amazon Services").  The Accused Amazon Services included services marketed under the names Amazon Web Services, Elastic Cloud Compute, EC2, Virtual Private Cloud, VPC, Elastic Load Balancing, Auto-Scaling, and/or Elastic Beanstalk.

17. Amazon and its customers can use the Accused Amazon Services to maintain a number of cryptographic sessions with employees and members of the customer or with other end-users.  For example, Amazon and its customers can use Amazon Web Services to host computing applications that users may connect to via a VPN, SSL/TLS, or other secure connection.  Amazon scalably maintains cryptographic sessions with such computing applications on computers in its data centers in the United States.

18. Amazon has committed and continues to commit acts of infringement under 35 U.S.C. § 271 by making, using, offering for sale and/or selling the Accused Amazon Services.

19. Bazaarvoice makes, uses, sells, and offers for sale in the United States products and/or services for collecting analyzing and optimizing customer feedback related to online

commerce through services marketed as Bazaarvoice Conversations Platform, Bazaarvoice Connections Solutions, Bazaarvoice Analytics Solutions, Bazaarvoice Curations, and Bazaarvoice Media (the "Accused Bazaarvoice Services").

20. Bazaarvoice uses the Accused Amazon Services to scalably maintain cryptographic sessions for the Accused Bazaarvoice Services. Such sessions may involve Bazaarvoice customers and/or end users connected to websites maintained by Bazaarvoice customers.

21. Bazaarvoice has committed and continues to commit acts of infringement under 35 U.S.C. § 271 by making, using, offering for sale and/or selling the Accused Bazaarvoice Services.

22. Gearbox uses the Accused Amazon Services to scalably maintain cryptographic sessions. Such sessions may involve end-user customers using the Borderlands family of videogames and other games that provide analogous functionality (the "Accused Gearbox Instrumentalities").

23. Gearbox has committed and continues to commit acts of infringement under 35 U.S.C. § 271 by making, using, offering for sale and/or selling the Accused Gearbox Instrumentalities.

## COUNT ONE: PATENT INFRINGEMENT BY AMAZON

24. ZitoVault incorporates by reference the preceding paragraphs as if fully set forth herein.

25. As described below, Amazon has infringed and continues to infringe the '257 patent.

26. The Accused Amazon Services meet one or more claims of the '257 patent.

27. Amazon makes, uses, offers to sell, sells and/or imports the Accused Amazon Services within the United States or into the United States without authority from Plaintiff.

28. Amazon therefore infringes the '257 patent under 35 U.S.C. § 271(a).

29. Amazon indirectly infringes the '257 patent by inducing infringement by others, such as its customers and users that generate cryptographic sessions with the Accused Amazon Services. For example, by instructing and encouraging its customers to host computing applications on the Accused Amazon Services to provide scalable cryptographic sessions, and by instructing end-users to generate cryptographic sessions with the Accused Amazon Services in the United States.

30. Amazon further instructs its customers and end-users how to use such products and services in a manner that infringes the '257 patent (e.g., through technical documentation, manuals, instructions, and technical support). Amazon further instructs its customers and end-user to infringe the '257 patent through the products and services themselves, e.g., through on-screen instructions, user interfaces, and command prompts. Amazon still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '257 patent.

31. Amazon took the above actions intending others to infringe.

32. Amazon has actual knowledge of the '257 patent and knows that the others' actions, if taken, would constitute infringement of that patent. Alternatively, Amazon believes there is a high probability that others would infringe the '257 patent but has remained willfully blind to the infringing nature of others' actions. Amazon therefore infringes the '257 patent under 35 U.S.C. § 271(b).

33. Amazon indirectly infringes the '257 patent by contributing to infringement by others, such as its customers and end-users by offering to sell and/or selling within the United

States products that contain components that constitute a material part of the inventions claimed in the '257 patent, and components of products that are used to practice one or more processes/methods covered by the claims of the '257 patent and that constitute a material part of the inventions claimed in the '257 patent. Such components are, for example, the Accused Amazon Services that are capable of scalable servicing of cryptographic sessions.

34. In the above offering to sell and/or selling, Amazon knows these components to be especially made or especially adapted for use in an infringement of the '257 patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Amazon believes there is a high probability that others would infringe the '257 patent but has remained willfully blind to the infringing nature of others' actions. Amazon therefore infringes the '257 patent under 35 U.S.C. § 271(c).

35. Amazon's acts of infringement have caused damage to ZitoVault. ZitoVault is entitled to recover from Amazon the damages sustained by ZitoVault as a result of Amazon's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Amazon have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to ZitoVault for which there is no adequate remedy at law, and for which ZitoVault is entitled to injunctive relief under 35 U.S.C. § 283.

36. To the extent that Amazon releases any new version of the Accused Amazon Services, such instrumentalities meet claims of the '257 patent and infringe under 35 U.S.C. § 271(a)-(c) in ways analogous to Amazon's current infringement described above.

## COUNT TWO: PATENT INFRINGEMENT BY BAZAARVOICE

37. ZitoVault incorporates by reference the preceding paragraphs as if fully set forth herein.

38. As described below, Bazaarvoice has infringed and continues to infringe the '257 patent.

39. The Accused Bazaarvoice Services meet one or more claims of the '257 patent.

40. Bazaarvoice makes, uses, offers to sell, sells and/or imports the Accused Bazaarvoice Services within the United States or into the United States without authority from Plaintiff.

41. Bazaarvoice therefore infringes the '257 patent under 35 U.S.C. § 271(a).

42. Bazaarvoice indirectly infringes the '257 patent by inducing infringement by others, such as its customers and other end-users that generate cryptographic sessions with the Accused Bazaarvoice Services. For example, by instructing and encouraging its customers and other users to generate cryptographic sessions using the Accused Bazaarvoice Services.

43. Bazaarvoice further instructs its customers how to use such products and services in a manner that infringes the '257 patent (e.g., through technical documentation, manuals, instructions, and technical support). Bazaarvoice still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '257 patent.

44. Bazaarvoice took the above actions intending others to infringe.

45. Bazaarvoice has actual knowledge of the '257 patent and knows that the others' actions, if taken, would constitute infringement of that patent. Alternatively, Bazaarvoice believes there is a high probability that others would infringe the '257 patent but has

remained willfully blind to the infringing nature of others' actions.  Bazaarvoice therefore infringes the '257 patent under 35 U.S.C. § 271(b).

46. Bazaarvoice indirectly infringes the '257 patent by contributing to infringement by others, such as its customers and end-users by offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the '257 patent, and components of products that are used to practice one or more processes/methods covered by the claims of the '257 patent and that constitute a material part of the inventions claimed in the '257 patent.  Such components are, for example, the Accused Bazaarvoice Services that are capable of scaleably servicing cryptographic sessions.

47. In the above offering to sell and/or selling, Bazaarvoice knows these components to be especially made or especially adapted for use in an infringement of the '257 patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Bazaarvoice believes there is a high probability that others would infringe the '257 patent but has remained willfully blind to the infringing nature of others' actions. Bazaarvoice therefore infringes the '257 patent under 35 U.S.C. § 271(c).

48. Bazaarvoice's acts of infringement have caused damage to ZitoVault.  ZitoVault is entitled to recover from Bazaarvoice the damages sustained by ZitoVault as a result of Bazaarvoice's wrongful acts in an amount subject to proof at trial.  In addition, the infringing acts and practices of Bazaarvoice have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and

irreparable harm to ZitoVault for which there is no adequate remedy at law, and for which ZitoVault is entitled to injunctive relief under 35 U.S.C. § 283.

49. To the extent that Bazaarvoice releases any new version of the Accused Bazaarvoice Services, such instrumentalities meet claims of the '257 patent and infringe under 35 U.S.C. § 271(a)-(c) in ways analogous to Bazaarvoice's current infringement described above.

## COUNT THREE: PATENT INFRINGEMENT BY GEARBOX

50. ZitoVault incorporates by reference the preceding paragraphs as if fully set forth herein.

51. As described below, Gearbox has infringed and continues to infringe the '257 patent.

52. The Accused Gearbox Instrumentalities meet one or more claims of the '257 patent.

53. Gearbox makes, uses, offers to sell, sells and/or imports the Accused Gearbox Instrumentalities within the United States or into the United States without authority from Plaintiff.

54. Gearbox therefore infringes the '257 patent under 35 U.S.C. § 271(a).

55. Gearbox indirectly infringes the '257 patent by inducing infringement by others, such as its customers and other end-users that generate cryptographic sessions with the Accused Gearbox Instrumentalities. For example, by instructing and encouraging its customers and other users to generate cryptographic sessions using the Accused Gearbox Instrumentalities.

56. Gearbox further instructs its customers how to use such products and services in a manner that infringes the '257 patent (e.g., through technical documentation, manuals, instructions, in-game prompts and explanations, user interfaces, and technical support). Gearbox still further makes such products and services accessible to its customers and

end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '257 patent.

57. Gearbox took the above actions intending others to infringe.

58. Gearbox has actual knowledge of the '257 patent and knows that the others' actions, if taken, would constitute infringement of that patent. Alternatively, Gearbox believes there is a high probability that others would infringe the '257 patent but has remained willfully blind to the infringing nature of others' actions. Gearbox therefore infringes the '257 patent under 35 U.S.C. § 271(b).

59. Gearbox indirectly infringes the '257 patent by contributing to infringement by others, such as its customers and end-users by offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the '257 patent, and components of products that are used to practice one or more processes/methods covered by the claims of the '257 patent and that constitute a material part of the inventions claimed in the '257 patent. Such components are, for example, the Accused Gearbox Instrumentalities that are capable of scaleably servicing cryptographic sessions.

60. In the above offering to sell and/or selling, Gearbox knows these components to be especially made or especially adapted for use in an infringement of the '257 patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Gearbox believes there is a high probability that others would infringe the '257 patent but has remained willfully blind to the

infringing nature of others' actions. Gearbox therefore infringes the '257 patent under 35 U.S.C. § 271(c).

61. Gearbox's acts of infringement have caused damage to ZitoVault. ZitoVault is entitled to recover from Gearbox the damages sustained by ZitoVault as a result of Gearbox's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Gearbox have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to ZitoVault for which there is no adequate remedy at law, and for which ZitoVault is entitled to injunctive relief under 35 U.S.C. § 283.

62. To the extent that Gearbox releases any new version of the Accused Gearbox Instrumentalities, such instrumentalities meet claims of the '257 patent and infringe under 35 U.S.C. § 271(a)-(c) in ways analogous to Gearbox's current infringement described above.

## DEMAND FOR JURY TRIAL

ZitoVault hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

1. A judgment that Defendants have directly infringed the '257 patent, contributorily infringed the '257 patent, and induced the infringement of the '257 patent;

2. A preliminary and permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the '257 patent;

3. A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to ZitoVault its attorneys' fees incurred in prosecuting this action;

4. A judgment and order requiring Defendants to pay ZitoVault damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

5. A judgment and order requiring Defendants to pay ZitoVault the costs of this action (including all disbursements);

6. A judgment and order requiring Defendants to pay ZitoVault pre-judgment and post-judgment interest on the damages awarded;

7. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that ZitoVault be awarded a compulsory ongoing licensing fee; and

8. Such other and further relief as the Court may deem just and proper.

Dated: March 2, 2015　　　　　　　　　　　Respectfully submitted,

**CALDWELL CASSADY & CURRY P.C.**

_____
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Justin Nemunaitis
Texas State Bar No. 24065815
Email:  jnemunaitis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

**ATTORNEYS FOR PLAINTIFF ZITOVAULT, LLC**